# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 20-367V
Filed: July 20, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| ADRIAN WILLIAMS, | * | Unpublished |
| | * | |
| Petitioner, | * | Dismissal Decision; Pending Civil Action; |
| v. | * | Influenza ("Flu") Vaccine; Tetanus- |
| | * | Diphtheria- Acellular Pertussis ("Tdap") |
| SECRETARY OF HEALTH | * | Vaccine; Septic Shock; Statutory |
| AND HUMAN SERVICES, | * | Requirement; Lack of Jurisdiction |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | * | |

*Harry Forst*, Harry E. Forst, Attorney at Law, New Orleans, LA for petitioner.
*Kyle Pozza, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### RULING ON MOTION TO DISMISS[1]

**Roth**, Special Master:

On March 31, 2020, Adrian Williams ("Ms. Williams" or "petitioner") filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*[2] ("Vaccine Act" or "Vaccine Program"). Petitioner alleged that she suffered septic shock as a result of the tetanus-diphtheria-acellular pertussis ("Tdap") and influenza ("flu") vaccines she received on September 9, 2017. Petition at 1, ECF No. 1.

On March 21, 2022, respondent filed a Motion to Dismiss for lack of jurisdiction. Mot. Dismiss, ECF No. 41. Petitioner responded to respondent's Motion to Dismiss with a Motion to Suspend Proceedings and a Memorandum. Respondent filed a Reply thereafter. Mot. Suspend Proc., ECF No. 42; Memo., ECF No. 43; Reply, ECF No. 45.

---

[1] This Ruling has been designated "to be published," which means I am directing it to be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). This means the Ruling will be available to anyone with access to the internet. However, parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Ruling will be publicly available. *Id*.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

For the reasons contained herein, respondent's Motion to Dismiss is granted and petitioner's claim is dismissed. Petitioner's Motion to Suspend Proceedings is therefore moot.

## I. Procedural History and Arguments

On March 31, 2020, petitioner filed her petition, a completed PAR medical history questionnaire, and a compact disc containing petitioner's medical records and affidavit. Pet. ECF No. 1; PAR, ECF No. 2; Compact Disc, ECF No. 3.

On May 7, 2021, following Respondent's Rule 4(c) Report recommending against compensation, petitioner was ordered to provide proof of vaccination and evidence demonstrating that she suffered from the residual effects or complications of her alleged injury for more than six months (the "severity requirement"). Scheduling Order, ECF No. 21.

In response to the Court's Order, petitioner filed several documents, including "Sworn testimony of petitioner, Adrian Williams dated October 30, 2019 about left arm cramping that continues to this day." *See* Pet. Ex. 8, ECF No. 24. No context was provided for the origin of the "sworn testimony." Petitioner was ordered to explain the circumstances under which she provided sworn testimony about her left arm. ECF No. 25.

On August 4, 2021, petitioner filed a response to the Special Master's inquiry stating that "petitioner's testimony arose out of litigation petitioner filed on September 7, 2018 against Rite-Aid in 24th Judicial District Court, Parish of Jefferson, State of Louisiana bearing Docket Number 787-366, Div. A." Response, ECF No. 26; *See also* Pet. Ex. 9, ECF No. 26. Petitioner further filed an affidavit affirming that the October 30, 2019 testimony was given during a deposition for her civil action against Rite Aid. Affidavit, ECF No. 29.

Petitioner was then ordered to file additional evidence to meet the severity requirement as well as documents produced during discovery, any settlement agreements, and any information related to the disposition of the civil action. Resp. Rpt., ECF No. 31; ECF No. 32.

On December 7, 2021, petitioner filed several exhibits relating to the severity requirement and 249 pages of documents related to discovery and testimony from petitioner's civil action against Rite Aid. *See* Pet. Ex. 16, ECF No. 34. Petitioner did not file any information regarding the disposition of the matter.

In a status report filed on January 6, 2022, respondent raised the issue of petitioner's standing due to her failure to file any information regarding the disposition of the civil action stating:

> These documents are directly relevant to petitioner's claims here, and potentially to her standing to file a petition in the Program. *See* 42 U.S.C. §300aa-11(a)(5)(B) ("If a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) for such injury or death").

Resp. Rpt., ECF No. 36. Respondent also reiterated his concern that petitioner could not satisfy the severity requirement. *Id.* Petitioner was ordered to file a status report responding to the issues raised by respondent. Scheduling Order, ECF No. 37.

On February 28, 2022, petitioner filed a response to the issues raised, stating:

> Adrian Williams' civil action against Rite Aid in the 24th Judicial District Court, State of Louisiana, Parish of Jefferson, bearing docket number 787-366, Division "A" has been stayed by mutual consent between Adrian Williams and Rite Aid as of the date the Vaccine Injury Fund claim was made on March 31, 2020. No action in that suit has been taken nor has there been any settlement or Judgment before or after the filing of the Vaccine Injury Fund on March 31, 2020.

Response at 1-2, ECF No. 38. Petitioner claimed to have already provided objective evidence to meet the severity requirement. *Id.* at 2-3.

Respondent then filed a Motion to Dismiss on March 21, 2022, which is the subject of this ruling. Mot. Dismiss, ECF No. 41. Respondent submits that petitioner's claim in the Program is barred as the Vaccine Act expressly prohibits a petitioner from filing a claim if petitioner has a pending civil action for their vaccine injury. Further, the Federal Circuit has held that a special master lacks jurisdiction over such claims. *Id.* at 4-5, citing 42 U.S.C. §§ 300aa-11(a)(5)(B); *Aull v. Sec'y Health & Human Servs.,* 462 F.3d at 1339 (Fed. Cir. 2006); *Flowers v. Sec'y Health & Human Servs.*, 49 F.3d at 1558 (Fed. Cir. 1995). Respondent argues that "the only option is for petitioner's claim to be dismissed immediately." *Id.* at 5. Respondent additionally notes that should petitioner opt to refile her petition with the current evidence, respondent "will likely file a motion to dismiss for failure to establish the severity requirement." *Id.* at 3 n. 1.

On March 31, 2022, petitioner responded with a Motion to Suspend Proceedings Under Rule 9, along with a Memorandum in support of her motion.[3] Mot. Suspend Proc., ECF No. 42; Memo., ECF No. 43. Petitioner admits "[t]he Department of Justice is correct that Ms. Williams did file a Petition for Damages in the District Court in Louisiana prior to filing the petition for vaccine injury under the vaccine injury program." Memo. at 1. However, petitioner argues that the "most expeditious way to take care of the entire case would be for the Special Master to make a determination now as to whether Ms. Williams meets the 6-month criteria." *Id.* at 2. Petitioner requests, in the alternative, a stay of proceedings in the Program to dismiss the District Court case to "avoid having to refile another petition for vaccine injury claim." *Id.*

Respondent filed a Reply on April 15, 2022, and pointed to petitioner's admission to having a pending civil action when she filed her vaccine claim arguing that petitioner's claim must be dismissed. Reply at 1, ECF No. 45. Respondent submits there are no exceptions for stayed or suspended cases—"[s]taying the case would not cure the jurisdictional defect, and it would result in reversible error." *Id.* at 2. Respondent further argues that petitioner's request that the Special Master make a severity determination is "legally impermissible and ignores the underlying text of

---

[3] Based on the contents, petitioner's Motion to Suspend Proceedings and Memorandum in Support of Motion to Suspend were interpreted as her response to respondent's Motion to Dismiss.

3

the statute that the Court lacks subject matter jurisdiction to rule on the case." *Id.* Respondent reiterates that jurisdictional requirements under the Vaccine Act are not subject to discretionary waiver, even if a waiver would facilitate a more expeditious resolution. *Id.* at 2; *citing Ling v. Sec'y Health & Human Servs.,* 145 Fed. Cl. 778, 784 (Fed. Cl. 2019) (discussing *Flowers v. Sec'y Health & Human Servs.,* 49 F.3d at 1558 (Fed. Cir. 1995)). In conclusion, respondent argues that the Special Master cannot ignore the plain language of the act and staying the case cannot cure the jurisdictional defect—therefore, the petition must be dismissed for lack of jurisdiction. *Id.* at 3.

## II. Statutory Requirements and Legal Standards

The Vaccine Act prohibits a petitioner from filing a civil action against a vaccine administrator or manufacturer for a vaccine injury unless a petition has been filed in the Vaccine Program for such injury with judgment entered or the petition withdrawn. § 300aa-11(a)(2)(A). If a civil action is filed prior to a petition in the Program, the civil matter should be dismissed by the respective state or federal court. § 300aa-11(a)(2)(B). If an individual has a pending civil action for a vaccine-related injury or death, such an individual may not file a petition for such injury or death in Vaccine Program. § 300aa-11(a)(5)(B).[4]

The Federal Circuit has addressed the issue of prohibited claims, holding that special masters lack jurisdiction over claims filed while the petitioner has a pending civil action for the same vaccine related injury or death. S*ee Flowers v. Sec'y Health & Human Servs.,* 49 F.3d 1558 (Fed. Cir. 1995); *see Matos v. Sec'y Health & Human Servs.,* 35 F.3d 1549, 1553 (Fed. Cir. 1994). Special masters may not entertain matters in which they lack jurisdiction, may not waive jurisdictional requirements, nor may they apply discretion in allowing a petitioner to proceed in the Program. *See Ling v Matos v. Sec'y Health & Human Servs.,* 145 Fed. Cl. 778, 784 (Fed. Cl. 2019); *see Flowers,* 49 F.3d at 1559 (holding that, even though the state court action had been dismissed prior to respondent's motion to dismiss for lack of jurisdiction, the special master still lacked jurisdiction over the matter because the state court action was pending at the time petitioner filed the vaccine claim). The Circuit has also noted Congress's intent for the Vaccine Act to be followed without exception when dealing with these issues: "a petitioner must petition to have his or her [civil] action dismissed and may not simply allow the action to lie dormant during the [federal] compensation proceeding." *Weddel v. HHS*, 23 F.3d 388, 393 (Fed. Cir. 1994), citing H.R.Rep. No. 247, 101st Cong., 1st Sess. 511 (1989).

## III. Discussion

Petitioner filed a civil action in the state of Louisiana against Rite Aid, the vaccine administrator, on September 7, 2018. Pet. Ex. 9, ECF No. 26; *see* Response, ECF No. 26. While the civil action remained pending, petitioner filed a claim in the Vaccine Program on March 31, 2020. Petition at 1, ECF No. 1. The civil action in Louisiana remains pending, though it has been

---

[4] The Vaccine Act does*,* however, provide a remedy for petitioners who mistakenly file a civil action prior to filing a claim and receiving judgment under the Vaccine Act: "If a petition is filed under this section with respect to the injury or death for which such civil action was brought, the date such dismissed action was filed shall, for purposes of the limitations of actions prescribed by section 300aa–16 of this title be considered the date the petition was filed if the petition was filed within one year of the date of dismissal of the civil action." 42 U.S.C. §§ 300–11(a)(2)(B). Meaning, a petitioner may elect to properly refile a claim once a prohibited civil action has been dismissed.

stayed. *See* Response at 1-2, ECF No. 38. Petitioner admits the "Department of Justice is correct that Ms. Williams did file a Petition for Damages in the District Court in Louisiana prior to filing the petition for vaccine injury under the vaccine injury program." Memo. Mot. Suspend Proc. at 1.

Succinctly stated, petitioner filed her petition while a civil action was pending for her vaccine related injury. Applying a plain reading of Section 300aa-11(a)(5)(B) of the Vaccine Act, petitioner's filing of her claim was prohibited. Under these circumstances, the undersigned lacks jurisdiction over petitioner's claim and her claim in the Vaccine Program must be dismissed.[5] S*ee Flowers v. Sec'y Health & Human Servs.,* 49 F.3d 1558 (Fed. Cir. 1995). Petitioner's argument for a more expeditious resolution by proceeding with a determination of the severity requirement cannot be entertained by the undersigned because jurisdictional requirements may not be waived. *See Ling v. HHS,* 145 Fed. Cl. 778, 784 (Fed. Cl. 2019). Further, petitioner's request to suspend the petition before this Court, so she may dismiss the pending civil action then continue with her petition, does not obviate the lack of jurisdiction of this Court at the time the petition was filed. As set forth above, this issue has already been addressed by the Federal Circuit. This Court lacks jurisdiction over a petition which was filed while a civil action was pending, in the District Court of Louisiana in this instance, and thus petitioner's claim must be dismissed. *See id; see Flowers,* 49 F.3d at 1559.

Accordingly, petitioner's claim must be dismissed.

### IV. Conclusion

Respondent's Motion to Dismiss the petition for lack of jurisdiction is **GRANTED**. Petitioner's Motion to Suspend Proceedings Under Rule 9 is **MOOT.** The petition is hereby **DISMISSED WITHOUT PREJUDICE**. **The Clerk of Court shall enter judgment accordingly.**

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[5] This ruling on the Motion to Dismiss has no authoritative bearing on the civil action and cannot dictate the dismissal of the State Court action. However, prior to September 7, 2018, the date petitioner filed a civil action for her alleged vaccine related injury, petitioner had not filed a petition in the Program. *See* Petition; *see* Cover Sheet. Her civil action was filed prior to judgment on or withdrawal of a petition in the Program and is therefore barred under Section 300aa-11(a)(2)(A). Section 300aa-11(a)(2)(B) is clear and provides that the consequences of such a barred civil action is dismissal.