# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-367V
Filed: August 9, 2024

```
* * * * * * * * * * * * *
ADRIAN WILLIAMS,           *
                           *
          Petitioner,      *
v.                         *
                           *
SECRETARY OF HEALTH        *
AND HUMAN SERVICES,        *
                           *
          Respondent.      *
                           *
                           *
* * * * * * * * * * * * *
```

*Harry E. Forst, Esq.*, Harry E. Forst, Attorney at Law, New Orleans, LA, for petitioner.
*Alexis B. Babcock, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On March 31, 2020, Adrian Williams ("Ms. Williams") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] The petition alleges that Ms. Williams suffered from septic shock requiring hospitalization as a result of the tetanus and influenza ("flu") vaccines she received on September 9, 2017. Petition, ECF No. 1.

A Decision dismissing the petition due to a pending civil action issued on July 20, 2022. Dismissal Decision, ECF No. 46.

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned finds that the identified material fits within this definition, such material will be redacted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

1

Petitioner filed a Motion for Attorney's Fees and Costs on November 3, 2022. Motion for Fees, ECF No. 49. Respondent filed his Response to the motion on December 14, 2022, arguing that the Court does not have jurisdiction to award fees and costs and, alternatively, the claim lacked reasonable basis. Response, ECF No. 53. Petitioner filed a Reply on January 10, 2023. Reply, ECF No. 55.

Petitioner seeks a total award of **$16,450.00**. Motion for Fees at 7, 12. For the reasons set forth below, petitioner's Motion for Attorneys' Fees and Costs is **DENIED**.

## I. Relevant Procedural History

A full recital of the procedural history is contained in the Dismissal Decision. But as the procedural history is relevant to ruling on this Motion for Fees, a brief summary is provided below.

On March 31, 2020, petitioner filed her petition. Petition, ECF No. 1. It was noted on the docket that petitioner's counsel was not a member of the U.S. Court of Federal Claims Bar as required to practice before the Court. ECF No. 7. The attorney admission process was noted to have been completed on May 26, 2020.

Throughout the following year, petitioner filed medical records, which respondent reviewed. On May 7, 2021, respondent filed his Rule 4(c) Report, recommending against compensation and citing failure to provide proof of vaccination and failure to satisfy the six month severity requirement. ECF No. 20. Petitioner was ordered to provide proof of vaccination and evidence demonstrating that she suffered from the residual effects or complications of her alleged injury for more than six months in order to meet the severity requirement. ECF No. 21.

Petitioner subsequently filed several documents, including "Sworn testimony of petitioner, Adrian Williams dated October 30, 2019 about left arm cramping that continues to this day." *See* Pet. Ex. 8, ECF No. 24. Petitioner was ordered to explain the circumstances under which she provided sworn testimony about her left arm. ECF No. 25.

On August 4, 2021, petitioner responded to the order stating that "petitioner's testimony arose out of litigation petitioner filed on September 7, 2018 against Rite-Aid in 24th Judicial District Court, Parish of Jefferson, State of Louisiana bearing Docket Number 787-366, Div. A." ECF No. 26; *see also* Pet. Ex. 9. Petitioner filed an affidavit affirming that the October 30, 2019 testimony was given during a deposition for her civil action against Rite Aid. Affidavit, ECF No. 29. Petitioner was ordered to file, in part, documents related to her civil action. ECF Nos. 31, 32.

On December 7, 2021, petitioner filed several exhibits relating to the severity requirement and 249 pages of documents related to discovery and testimony from petitioner's civil action against Rite Aid, which was apparently for the same injuries alleged in her petition. *See* Pet. Ex. 16, ECF No. 34. Petitioner did not file any information regarding the disposition of the civil matter.

On January 6, 2022, respondent raised the issue of standing, stating:

2

> These documents are directly relevant to petitioner's claims here, and potentially to her standing to file a petition in the Program. *See* 42 U.S.C. §300aa-11(a)(5)(B) ("If a plaintiff has pending a civil action for damages for a vaccine-related injury or death, such person may not file a petition under subsection (b) for such injury or death").

ECF No. 36. Respondent also reiterated his concern that petitioner could not satisfy the severity requirement. *Id.* Petitioner was ordered to file a status report responding to the issues raised by respondent. ECF No. 37.

On February 3, 2022, petitioner filed a response to the issues raised, stating:

> Adrian Williams' civil action against Rite Aid in the 24th Judicial District Court, State of Louisiana, Parish of Jefferson, bearing docket number 787-366, Division "A" has been stayed by mutual consent between Adrian Williams and Rite Aid as of the date the Vaccine Injury Fund claim was made on March 31, 2020. No action in that suit has been taken nor has there been any settlement or Judgment before or after the filing of the Vaccine Injury Fund on March 31, 2020.

ECF No. 38. Further, petitioner claimed to have already provided objective evidence to meet the severity requirement. *Id.* at 2-3.

Respondent then filed a Motion to Dismiss on March 21, 2022. Mot. Dismiss, ECF No. 41. Respondent submitted that petitioner's claim in the Program is barred as the Vaccine Act expressly prohibits a petitioner from filing a claim if petitioner has a pending civil action for their vaccine injury. Further, the Federal Circuit has held that a special master lacks jurisdiction over such claims. *Id.* at 4-5, citing 42 U.S.C. §§ 300aa-11(a)(5)(B); *Aull v. Sec'y Health & Human Servs.*, 462 F.3d at 1339 (Fed. Cir. 2006); *Flowers v. Sec'y Health & Human Servs.*, 49 F.3d at 1558 (Fed. Cir. 1995). Respondent argued that "the only option is for petitioner's claim to be dismissed immediately." *Id.* at 5. Respondent additionally noted that should petitioner opt to refile her petition with the current evidence, respondent "will likely file a motion to dismiss for failure to establish the severity requirement." *Id.* at 3 n. 1.

On March 31, 2022, petitioner responded with a Motion to Suspend Proceedings Under Rule 9, along with a Memorandum in support of her motion.[3] Mot. Suspend Proc., ECF No. 42; Memo., ECF No. 43. Petitioner admitted "[t]he Department of Justice is correct that Ms. Williams did file a Petition for Damages in the District Court in Louisiana prior to filing the petition for vaccine injury under the vaccine injury program." Memo. at 1. However, petitioner argued that the "most expeditious way to take care of the entire case would be for the Special Master to make a determination now as to whether Ms. Williams meets the 6-month criteria." *Id.* at 2. Petitioner requested, in the alternative, a stay of proceedings in the Program to dismiss the District Court case to "avoid having to refile another petition for vaccine injury claim." *Id.*

---

[3] Based on the contents, petitioner's Motion to Suspend Proceedings and Memorandum in Support of Motion to Suspend were interpreted as her response to respondent's Motion to Dismiss.

3

Respondent filed a reply on April 15, 2022 pointing out petitioner's admission to having a pending civil action when she filed her vaccine claim, thus petitioner's claim must be dismissed. ECF No. 45. Respondent argued that there are no exceptions for stayed or suspended cases—"[s]taying the case would not cure the jurisdictional defect, and it would result in reversible error." *Id.* at 2. Respondent further argued that petitioner's request that the Special Master make a severity determination is "legally impermissible and ignores the underlying text of the statute that the Court lacks subject matter jurisdiction to rule on the case." *Id.* Respondent reiterated that jurisdictional requirements under the Vaccine Act are not subject to discretionary waiver, even if a waiver would facilitate a more expeditious resolution. *Id.* at 2; citing *Ling v. Sec'y Health & Human Servs.,* 145 Fed. Cl. 778, 784 (Fed. Cl. 2019) (discussing *Flowers v. Sec'y Health & Human Servs.,* 49 F.3d at 1558 (Fed. Cir. 1995)). In conclusion, respondent argued that the Special Master cannot ignore the plain language of the Act and staying the case cannot cure the jurisdictional defect—therefore, the petition must be dismissed for lack of jurisdiction. *Id.* at 3.

For the reasons specifically set forth therein, on July 20, 2022, I issued a Decision dismissing the petition for lack of jurisdiction. Dismissal Decision, ECF No. 46.

On November 3, 2022, petitioner filed a Motion for Attorney's Fees and Costs. Motion for Fees, ECF No. 49. On December 1, 2022, she filed an invoice from her expert. Pet. Ex. 19, ECF No. 51.

Respondent filed his response to petitioner's Motion for Fees on December 14, 2022. Response, ECF No. 53. Respondent argued that the Court does not have jurisdiction to award fees, and alternatively, the claim lacked reasonable basis. *Id.* at 3. Petitioner replied to respondent's objections on January 10, 2023. Reply, ECF No. 55.

This matter is now ripe for consideration.

## II. Parties' Arguments

### A. Respondent's Argument

Respondent submitted that a petition that is ultimately dismissed for lack of jurisdiction is not a petition under § 300aa-11 of the Vaccine Act. Response at 4, citing *Brice v. Sec'y of Health & Human Servs.*, 358 F.3d 865, 869 (Fed. Cir. 2004). Section 15(e)(3) of the Act permits an award of fees and costs to unsuccessful petitioners who "filed petitions under section 300aa-11", which the Federal Circuit explained refers to petitions "that were already within the jurisdiction" of the Court. *Id.*, citing *Martin v. Sec'y of Health & Human Servs.*, 62 F.3d 1403, 1405 (Fed. Cir. 1995). Thus, fees under § 15(e) are "not available to unsuccessful claimants whose petitions were dismissed for lack of jurisdiction because they ha[ve] not 'filed' petitions under section 300-aa11." *Id.*

Respondent argued that the Federal Circuit's decision in *Martin* governs this case. Response at 7, citing 62 F.3d at 1403. The petition in *Martin* was dismissed under § 300aa-11(a)(6), but the Federal Circuit identified additional subsections, including § 300aa-11(a)(5), in which a person may not file a petition under the Vaccine Act. Response at 7-8, citing *Martin*, 62

4

F.3d at 1404-06 (internal citations omitted). In *Martin*, the Court concluded that there was no jurisdiction to award fees where the petition was dismissed for lack of jurisdiction. Response at 8, citing 62 F.3d at 1406.

Here, petitioner filed a civil action in Louisiana against Rite Aid and the vaccine administrator in September 2018. She filed her petition in the Vaccine Program on March 31, 2020. Response at 8. As set forth in the Dismissal Decision, §300aa-11(a)(5)(B) prohibits petitioner's filing of her claim. Respondent submitted that this Court properly held that it lacked jurisdiction over petitioner's petition, as it was filed while a civil action was pending. *Id*. According to the Federal Circuit, this Court likewise lacks jurisdiction to award fees and costs. *Id*.

Respondent argued that, in the alternative, the claim lacked reasonable basis. Response at 9. He clarified that he does not challenge petitioner's good faith in bringing the claim. *Id*.

### B. Petitioner's Argument

Petitioner argued that fees and costs may be awarded to an unsuccessful petitioner so long as the claim was brought in good faith and with a reasonable basis. Reply at 1, citing 42 U.S.C. § 300aa-15(e)(1); *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358 (Fed. Cir. 2012). Petitioner then addressed respondent's substantive and procedural arguments in turn.

Regarding respondent's substantive argument that the claim lacked reasonable basis, petitioner claimed that her providers listed three possible causes of her septic shock, two of which were excluded on testing, which left only the left arm cellulitis secondary to her vaccine as the cause. Reply at 2. She also argued that she met the six-month severity requirement with her expert report, sworn testimony, and photos of the magnesium bottle, which she still takes for her left arm cramping. *Id*. at 3.

Regarding respondent's procedural argument that the Court lacks jurisdiction to award fees, petitioner analogized her case to *Sebelius v. Cloer*.[4] In *Cloer*, the Supreme Court held that an untimely petition is eligible for an award of fees and costs, so long as it was brought in good faith and with a reasonable basis. 133 S.Ct. 1886 (2013). The Supreme Court explained that "to adopt the Government's position, we would have to conclude that a petition like Dr. Cloer's, which was 'filed' under the ordinary meaning of that term but was later found to be untimely, was never filed at all because, on the Government's reading, 'no petition may be *filed* for compensation' late. §300aa-16(a)(2) (emphasis added)." Reply at 4, citing *Cloer*, 133 S.Ct. at 1894. Petitioner argued that respondent here presented a similar argument for the Court to nullify "the initial filing and all work that was done since the filing of the petition". Reply at 4.

Further, petitioner argued that the Supreme Court's reasoning in *Cloer* applied here, noting that had Congress intended to limit fee awards only to petitions that had jurisdiction, it could have easily done so. Reply at 4-5. The dismissal of a petition for untimeliness, as was the case in *Cloer*, or for lack of jurisdiction does not "nullify the filing of the original petition, the legal work done,

---

[4] Petitioner seems to have incorrectly cited to the Federal Circuit's decision in her reply rather than the decision of the U.S. Supreme Court.

5

and the clear language of the vaccine injury statute and is eligible for attorney's fees and costs if the Magistrate finds the claim was brought in good faith and had a reasonable basis." *Id*. at 5.

### III.     Analysis

In *Martin*, the petitioners filed a civil action after November 15, 1988 for an injury stemming from a vaccine administered before November 15, 1988. The Special Master dismissed the petition for lack of jurisdiction over the claim but later awarded fees and costs. The Court of Federal Claims vacated the award because the special master lacked jurisdiction to award fees as the petition itself was dismissed for lack of jurisdiction. The Federal Circuit affirmed. *Martin*, 62 F.3d at 1403-07.

Relying on the holding in *Martin*, the Federal Circuit explained in *Brice* that the "jurisdiction of the Court of Federal Claims to award attorneys' fees under the Vaccine Act is not unlimited. The court must have jurisdiction over a petitioner's claim for compensation before it can award attorneys' fees." 358 F.3d at 868, citing *Martin*, 62 F.3d at 1406. For years, *Brice* stood for the proposition that the Vaccine Act's statute of limitations was jurisdictional, and thus, not subject to equitable tolling. Consequently, the Court held that it did not have jurisdiction to award attorneys' fees and costs.

In 2011, the Federal Circuit overruled *Brice*, holding that "[t]here is no barrier to equitable tolling under 42 U.S.C. § 300aa-16(a)(2), and the statute of limitations is not jurisdictional." *Cloer v. Sec'y of Health & Human Servs.*, 654 F.3d 1322, 1341 n.9 (Fed. Cir. 2011). Accordingly, an award of fees and costs was permitted so long as the petition was brought in good faith and with a reasonable basis. *Id*. at 1364. When challenged on appeal, the U.S. Supreme Court affirmed and ruled that a petition—even if unsuccessful—is eligible for an award of fees and costs "[s]o long as it was brought in good faith and with a reasonable basis". *Cloer*, 133 S.Ct. at 1893. Notably, there was no challenge to the lower court's ruling that the statute of limitations was not jurisdictional. The Supreme Court explained that "[i]f the [Vaccine Act's] limitations period were jurisdictional, then we might reach a different conclusion because the Chief Special Master would have lacked the authority to act on Dr. Cloer's untimely petition in the first place." *Id*. at 1894 n.5. Thus, it is clear from the Supreme Court's ruling that *Martin* remains good law and an award of fees and costs is precluded when the underlying petition is dismissed for lack of jurisdiction.

Like *Martin*, the petition here was dismissed for lack of jurisdiction as a civil claim was filed before the petition was filed in the Program. ECF No. 46; *see also Ling,* 145 Fed. Cl. at 783-84 (the Office of Special Masters lacks jurisdiction when there is a pending civil action involving the same vaccine-related injury). The Supreme Court clarified in *Cloer* that fees may be awarded even for a petition that was dismissed for untimeliness, finding that the statute of limitations was not jurisdictional. Had the issue been jurisdictional, though, the Special Master would not have had the authority to act. *Cloer*, 133 S.Ct. at 1894 n.5. Just as this Court lacked jurisdiction over the petition filed while a civil action was pending, it lacks jurisdiction to entertain petitioner's Motion for Fees. As such, petitioner's Motion for Fees must be **DENIED**.

An analysis of reasonable basis is therefore unnecessary because the statute is clear that where a civil action is filed, this Court lacks jurisdiction over the claim. Petitioner's filing of her

6

petition with a civil action pending for the same claim falls squarely within the statute. §300aa-11(a)(5)(B). The petition was dismissed for that reason and the Court lacks jurisdiction over her application for fees and costs, as well.

## IV.    Conclusion

Based on the foregoing, petitioner's Motion for Attorneys' Fees is **DENIED.** The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.